Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 26, 2012, which denied petitioner’s application for leave to file a late notice of claim, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the application granted.
*568 Petitioner was in a motor vehicle accident while she was a passenger in a Police Department vehicle owned by respondent City of New York. The Police Department conducted a prompt investigation into the accident, and petitioner was examined by a Police Department physician shortly thereafter. Thus, the overall circumstances support the inference that respondent had actual notice of the claim within 90 days of its accrual (see Matter of Gerzel v City of New York, 117 AD2d 549, 550-551 [1st Dept 1986]) and respondent failed to rebut petitioner’s demonstration of the absence of prejudice. Its conclusory assertions of prejudice, based solely on the delay in serving the notice of claim, are insufficient (see Perez v New York City Health & Hosps. Corp., 81 AD3d 448, 449 [1st Dept 2011]; Matter of Ansong v City of New York, 308 AD2d 333, 334 [1st Dept 2003]).
Given respondent’s actual knowledge, within a reasonable time after the accident, of the essential facts underlying petitioner’s claim and the lack of prejudice, petitioner’s unexplained delay in seeking leave to serve a late notice of claim is of minimal significance (see Bertone Commissioning v City of New York, 27 AD3d 222, 222-224 [1st Dept 2006]; Richardson v New York City Tr. Auth., 210 AD2d 38 [1st Dept 1994]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ.